IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS CLAY SHARPLESS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1125-R |
| | § | |
| PRISON F89-94718-MA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is an unspecified civil action brought by Plaintiff Dennis Clay Sharpless, an inmate in the TDCJ-ID, against unnamed defendants. On May 24, 2005, plaintiff submitted an illegible one-page handwritten complaint to the district clerk. Process has been withheld pending a review of the complaint under 28 U.S.C. § 1915.

Plaintiff is no stranger to the civil justice system. In fact, another judge in this district recently observed that plaintiff has filed over 70 lawsuits in Texas federal courts. At least seven of those cases were dismissed as frivolous or for failure to state a claim. This litigiousness has prompted judges in the Northern, Southern, and Eastern Districts of Texas to sanction plaintiff. *See Sharpless v. Grievance #2004141242*, No. 2-04-CV-0171 (N.D. Tex. Oct. 13, 2004) (Robinson, J.). In addition, plaintiff has been barred from filing any new civil actions unless he first pays the required filing fee and obtains permission from a judicial officer. *Sharpless v. Disciplinary Captain of Estelle High Security*, No. H-01-0024 (S.D. Tex. Jan. 12, 2001). Plaintiff has neither paid the

required filing fee nor sought permission to file this suit.  Consequently, his complaint should be stricken.[1]

**RECOMMENDATION**

Plaintiff's complaint should be stricken from the record.  The district clerk should note on the docket that the complaint has been unfiled and close the case for statistical purposes.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 7, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Miscellaneous Order No. 48 provides, in pertinent part:

> [T]his Court will observe and enforce sanctions imposed by another federal court in Texas involving Texas Department of Criminal Justice inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust.

Misc. Order No. 48 (N.D. Tex. Nov. 15, 1993).